## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHUN HUA WEI,

    Plaintiff,

v.                                                  CASE NO: 8:09-cv-483-T-26EAJ

BUSCH ENTERTAINMENT CORPORATION,

    Defendant.
_____/

## O R D E R

Defendant has filed a motion requesting this Court to determine whether subject matter jurisdiction exists in this case. Defendant specifically alleges that on the day this lawsuit was refiled, March 17, 2009, diversity jurisdiction did not exist between the parties inasmuch as Plaintiff was a citizen of Florida and Defendant had previously relocated its corporate offices from the state of Missouri to the state of Florida and was a Florida limited liability company.

Although the Court recognizes the basic legal principles that subject matter jurisdiction may be raised at anytime and that parties cannot consent to confer such jurisdiction on a court, the Court is also aware of the fundamental legal principle that "the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission." Railway Co. v. Ramsey, 22 Wall. 322, 89 U.S. 322, 327, 22 L.Ed. 823 (1875); see also Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc., 780 F.2d 549, 551 (6th Cir. 1986) (holding that employer's admission in answer that it was an employer under the Fair Labor Standards Act precluded it from later challenging federal subject matter jurisdiction on the basis

that it was not such an employer) (cited and quoted with approval in In re: CP Ships Ltd. Securities Litigation, 578 F.3d 1306, 1311 n.1 (11th Cir. 2009)).

In this case, Plaintiff alleged in paragraph 3 of her complaint that "[a]t all times material hereto, Defendant was a foreign for profit corporation licensed and doing business in the State of Florida."  In response, Defendant admitted in paragraph 2 in its answer and defenses "that at all times material hereto it was a foreign corporation authorized to do business, and was doing business in Hillsborough County, Florida."  In light of this clear admission, the Court is authorized under Ramsey to judicially recognize the existence of federal subject matter jurisdiction in the form of diversity jurisdiction, notwithstanding Defendant's belated effort to now recede from this admission.  As the Court in Ferguson observed, "[t]he rule that jurisdictional facts which are admitted by the parties may establish subject matter jurisdiction over a case is a salutory one that promotes speedy and inexpensive litigation."  780 F.2d at 551.

Accordingly, Defendant's Dispositive Motion to Determine Subject Matter jurisdiction (Dkt. 17) is denied.[1]

**DONE AND ORDERED** at Tampa, Florida, on January 3, 2011.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[1]  In light of this disposition of the motion, the Court needs no response from Plaintiff.